UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| BRIAN LOEHR, | ) | |
| Plaintiff, | ) | 3: 09-cv-0520-ECR-VPC |
| vs. | ) | **ORDER** |
| DR. SCOTT, | ) | |
| Defendant. | ) | |

Plaintiff is a state prisoner, proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This case was opened on September 8, 2009, based on the filing of an emergency motion for temporary restraining order and preliminary injunction, alleging a life-threatening medical emergency. (Docket #1.) No complaint was filed. On September 23, 2009, the Magistrate Judge held a hearing on the motion for injunctive relief, and denied plaintiff's motion requesting appointment of counsel for the hearing. The Magistrate Judge issued a report and recommendation, recommending that plaintiff's emergency motion for temporary restraining order and preliminary injunction be denied. (Docket #6.)   The District Judge adopted the report and recommendation on October 29, 2009.  (Docket #8.)

On November 3, 2009, the court entered an order requiring plaintiff to file a complaint and either file an *in forma pauperis* application or pay the filing fee in this action within thirty days.  On November 30, 2009, plaintiff filed an application to proceed *in forma pauperis* in

this action, attaching *in forma pauperis* applications of fifteen other people who are not plaintiffs in this case.

On December 17, 2009, plaintiff filed a motion to file an alternative complaint. (Docket #18.)  In his motion, plaintiff claims that due to the additional of numerous other plaintiffs to the case, he is unable to use the civil rights complaint form mandated by the Local Rules.

No person has sought  or received permission from this court to join this action. *See* Rule 20, Fed.R.Civ.Pro.  The court finds that the addition of some fifteen additional *pro se* plaintiffs to this action, each with claims involving different factual scenarios stemming from their incarceration by the Nevada Department of Corrections, would make efficient and effective management of this case impossible.  Therefore, no persons other than Brian Loehr will be allowed to join this action as  plaintiffs.  The other persons who sought to join in this action are free to separately bring their own civil rights actions.

"When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed. R. Civ. Pro. 42(a).  Consolidation may be ordered on motion of any party or on the court's own motion whenever it reasonably appears that consolidation would aid in the efficient and economic disposition of a case. *See In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006 (5th Cir. 1977).  The grant or denial of a motion to consolidate rests in the trial court's sound discretion, and is not dependant on party approval. *Investors Research Co. v. United States Dist. Ct.*, 877 F.2d 777 (9th Cir. 1989); *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1007, 1001 (6th Cir. 1993).  In determining whether to consolidate actions, the court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. *Southwest Marine, Inc., v. Triple A. Mach. Shop, Inc*., 720 F. Supp. 805, 807 (N.D. Cal. 1989).   The court will consider consolidation if appropriate cases are filed by the persons who sought to join this action.

1  Plaintiff repeatedly states in documents filed with this court that he has not exhausted
2  his state administrative remedies. (Docket #1-1, #10, #29.)  "The Prison Litigation Reform Act
3  requires that a prisoner exhaust available administrative remedies before bringing a federal action
4  concerning prison conditions." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir.2009) (citing 42
5  U.S.C. § 1997e(a)).  Although exhaustion is an affirmative defense, a prisoner's concession to
6  nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies. *Wyatt*
7  *v. Terhune*, 315 F.3d 1108 (9th Cir. 2003).  This court has addressed plaintiff's original emergency
8  motion for injunctive relief and finds no present exception to the exhaustion requirement.
9  Accordingly, this case will be dismissed without prejudice to plaintiff's right to return to this court
10 and file a new civil rights action after he has exhausted his administrative remedies.

11  **IT IS THEREFORE ORDERED** that plaintiff's motion to file an alternative
12 complaint (Docket #18) is **DENIED**.

13  **IT IS FURTHER ORDERED** that the motions for injunctive relief filed by persons
14 not parties to this action are **STRICKEN**.  (Docket #22, #23.)

15  **IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice**
16 for failure to exhaust administrative remedies.

17  **IT IS FURTHER ORDERED** that all pending motions are **DENIED** as moot.  The
18 Clerk of the Court is directed to enter judgment and to close this case.

20  DATED this 28th day of June, 2010.

  *Edward C. Reed.*
  ──────────────────────────────
  SENIOR UNITED STATES DISTRICT JUDGE

3